FILED
CLERK
11/25/2015 4:03 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANIEL TISONE,

        Petitioner,

  -against-

ERIC SCHNEIDERMAN, ATTORNEY GENERAL,

        Respondent.
-----------------------------------------------------------X
FEUERSTEIN, J.

**MEMORANDUM AND ORDER**
12-CV-5219 (SJF)

    In 2007, a jury convicted petitioner Daniel Tisone ("Tisone" or "petitioner") of attempted robbery, hindering prosecution, and assault, for which he was sentenced to a six (6)-year term of imprisonment. Now on supervised release, he has moved *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing ineffective assistance of counsel, improper admission of certain photographic evidence, and improper prosecutorial remarks. For the following reasons, the petition is DENIED.

## I.     BACKGROUND

    In the early morning hours of November 14, 2006, petitioner entered Donald Stanton's (Stanton) dormitory room at Hofstra University in Hempstead, New York under the pretext of purchasing cocaine, then produced a TEC-9 semiautomatic weapon and demanded Stanton's cocaine and laptop. Resp't's Aff. ¶ 5, Trial Transcript (Tr.) 254:11–256:18, As petitioner struggled to load the magazine into the weapon, a scuffle ensued during which petitioner pistol-whipped Stanton before fleeing and leaving the magazine behind. Resp't's Aff. ¶ 5. One of Stanton's roommates witnessed the scuffle and identified petitioner, while another identified petitioner as he entered a pickup truck driven by his accomplice, Evan Steele (Steele). Tr 38:15–39:9, 136:19–137:2, 139:1–17. Petitioner discarded the TEC-9 and washed Stanton's blood out

of his clothing. Resp't's Aff. ¶ 5, Tr. 392:2–394:20. He was arrested, along with Steele, and another accomplice on November 17, 2006, and immediately confessed both orally and in writing. Tr. 545:1–9, 554:12–556:24, 541:24–544:19, 398:19–399:1.

Petitioner was indicted for first-degree attempted robbery, NEW YORK PENAL LAW (NYPL) §§ 110.00, 160.15[4]; second-degree attempted robbery, NYPL §§ 110.00, 160.10[2]; hindering prosecution in the second degree, NYPL § 205.60; and second-degree assault, NYPL§ 120.05[2].

In his opening statement, petitioner's counsel stated that Steele had made statements to him and to petitioner, and that Steele's testimony would be inconsistent with those statements because he entered into a plea agreement. Tr. 35:20–36:9. The prosecution and the court expressed the view that if defense counsel questioned Steele regarding those statements, he would effectively inject himself as a witness. Tr. 49:1–50:21. The court explained that defense counsel could question Steele regarding prior inconsistent statements, but could not ask Steele about statements made to him. Tr. 246:7–14. On cross-examination, Steele denied that he told his lawyer and petitioner's mother that the police coerced his and petitioner's confessions, and also denied that he told petitioner's mother that he did not see petitioner with a firearm. Tr. 468:18–480:14.

On October 24, 2007, a jury convicted petitioner on all charges, and he was remanded to custody. Tr. 848:19–852:2. Petitioner was sentenced to a term of imprisonment of six (6) years,

followed by a five (5)-year period of supervised release. Sentencing Transcript (Sent. Tr.) 26:9–27:11.[1]

Following the guilty verdict, petitioner retained new counsel, and moved for a new trial pursuant to NEW YORK CRIMINAL PROCEDURE LAW (CPL) § 330.30, arguing ineffective assistance of counsel arising out of a conflict-of-interest. Petitioner's Appellate Brief (Pet'r's App. Br.) 26, [Docket No. 6-3]. He submitted an affidavit of trial counsel stating that, prior to trial, Steele admitted that he and petitioner did not intend to rob Stanton, that petitioner did not possess a firearm, that petitioner was trying to recover a laptop which was stolen by Stanton, and that the police coerced his and petitioner's confessions with violence. Pet'r's App. Br. 26. Moreover, trial counsel stated that the trial court precluded him from questioning Steele regarding these prior inconsistent statements. Pet'r's App. Br. 26.

Petitioner appealed his conviction to the Appellate Division, Second Department (Appellate Division), arguing: (1) trial counsel was ineffective based upon his inability to impeach Steele using his prior inconsistent statements and had a conflict-of-interest; and (2) "the cumulative effect of the improper admission of certain photographs and the prosecutor's improper summation remarks deprived him of a fair trial and constituted reversible error." *People v. Tisone*, 85 A.D.3d 1066, 1067, 925 N.Y.S.2d 843 (2011); Pet'r's Br. 29. The Appellate Division rejected petitioner's contentions, holding: (1) that trial counsel's alleged conflict-of-interest neither affected his defense nor "operated on the representation," (2) that

---

[1] Steele, who was tried separately, accepted a plea agreement during his trial, and in exchange for his cooperation in testifying against petitioner, received dismissal of his felony charge of attempted robbery, and was not incarcerated. Sent. Tr. 14:18–22; Tr. 377:1–378:2, 447:23–449:20. Petitioner's other accomplice received a one-and-a-half (1.5) to three (3)-year sentence. Sent. Tr. 14:12–13.

petitioner's challenge to the admission of the TEC-9 photograph and to the prosecutor's remarks were unpreserved for appellate review, and (3) that the admission of the other photographs, including a photograph of an AR-15 owned by petitioner's accomplice, was proper. *Id.*, 925 N.Y.S.2d at 844. Petitioner's leave to appeal was denied by the Court of Appeals. *People v. Tisone*, 17 N.Y.3d 905, 957 N.E.2d 1164 (2011).

II. DISCUSSION

Having construed petitioner's arguments liberally and interpreting them "to raise the strongest arguments that they suggest[,]" *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), he appears to advance the same arguments as he did before the Appellate Division: (1) that he "was deprived of the right to present important evidence on his behalf, and the right to conflict-free counsel"; and (2) that the admission of photographs of a TEC-9 firearm, the admission of evidence that his accomplice had an AR-15 rifle, and improper prosecutorial remarks deprived him of a fair trial. Petition (Pet.) 6–7.

A. Standard of Review for Section 2254 Petitions.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) permits a person in state custody to obtain a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To obtain habeas corpus relief under this provision, a petitioner must demonstrate: (1) that he or she has exhausted state remedies, 28 U.S.C. § 2254(b)(1) and (c); (2) that he or she has not procedurally defaulted on those claims, *Coleman v. Thompson*, 501 U.S. 722, 731–32, 11 S. Ct. 2546 (1991); and (3) that the state court's decision was "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

4

United States," or "was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1)–(2), meaning that the state court reached a conclusion that was "opposite" to that of the Supreme Court or that it decided a case differently than the Supreme Court decision "on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The AEDPA contemplates a deferential review of state court decisions because "habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (internal quotation marks and citation omitted). A federal court may not grant a habeas corpus application "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 88, 131 S. Ct. 770, 778 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140 (2004)).

B. Trial Counsel's Conflict-of-Interest.

Petitioner asserts that trial counsel had a conflict-of-interest, and this conflict rendered his assistance ineffective because he was unable to impeach Steele's credibility effectively. Pet. 6; Pet'r's App. Br. 34–40. Additionally, he contends that the trial court erred by failing to ascertain whether he intelligently waived his attorney's conflict-of-interest.

A habeas corpus petitioner asserting ineffective assistance of counsel must demonstrate both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient representation prejudiced petitioner's defense, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 669, 687–96 (1984).

A court view's trial counsel's performance deferentially, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner must show that trial counsel's deficient performance caused a breakdown of the adversarial process such that it "undermine[s] confidence" that the trial "produced a just result." *Id.* at 686, 694. Petitioner has a heavy burden of proving both prongs. *Byrd v. Evans*, 420 F. App'x 28, 30 (2d Cir.2011) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)); *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001)). A federal court performs a "doubly deferential judicial review" of a state court's determination that trial counsel was effective. *Knowles v. Mirzayance*, 556 U.S. 111, 112, 129 S. Ct. 1411, 1413 (2009).

The Sixth Amendment's guarantee of effective assistance of counsel also guarantees a criminal defendant "conflict free" representation. *Woods v. Georgia*, 450 U.S. 261, 271 (1981). The Second Circuit "has delineated three levels of conflicts of interest in evaluating this type of Sixth Amendment claim: (1) a *per se* conflict requiring automatic reversal without a showing of prejudice; (2) an actual conflict of interest that carries a presumption of prejudice; and (3) a potential conflict of interest that requires a finding of both deficient performance by counsel and prejudice, under the standard established in *Strickland v. Washington*[.]" *United States v. John Doe No. 1*, 272 F.3d 116, 125 (2d Cir. 2001). A *per se* violation requiring automatic reversal occurs only when trial counsel is either not authorized to practice law, or is implicated in the crime for which the petitioner stood trial. *Id.* (citations omitted). A petitioner is entitled to a presumption of prejudice when trial conflict has: "(1) an actual conflict of interest" that (2) adversely affected his lawyer's performance." *United States v. Moree*, 220 F.3d 65, 69 (2d Cir. 2000) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)) (internal quotations omitted). "An

6

actual conflict of interest arises during representation when 'the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *Id.* (quoting *Cuyler*, 446 U.S. 335, 356 n.3 (Marshall, J., dissenting)) (internal quotations omitted). The petitioner must also show "an actual lapse in representation" caused by the conflict, as evidenced by the existence of a "plausible alternative defense strategy." *Winkler v. Keane*, 7 F.3d 304, 309 (2d Cir. 1993). Whether an actual conflict-of-interest existed is a mixed question of law and fact, and the Court defers to the state court's factual findings. *Id.* at 308.

While the Appellate Division apparently applied New York constitutional law, it did not unreasonably depart from, or reach a result "contrary to," federal constitutional jurisprudence. As found by the Appellate Division, trial counsel's inability to elicit from Steele his prior inconsistent statements never gave rise to an actual conflict-of-interest that affected petitioner's representation. Although trial counsel could not elicit Steele's prior inconsistent statements made to him, he cross-examined Steele effectively, questioning him at length regarding the same inconsistent statements he made to his own lawyer and to petitioner's mother, and impeaching his credibility by questioning him about his favorable plea agreement. Petitioner's defense suffered no prejudice, particularly in light of the strength of the prosecution's case, which included corroborated confessions of guilt and eyewitness testimony. *Lindstadt v. Keane*, 239 F.3d 191, 204 (2d Cir. 2001) (explaining that prejudice cannot be shown where the evidence of guilt is overwhelming).

C. TEC-9 Photograph, Prosecutorial Remarks.

Petitioner argues that he received an unfair trial due to the introduction of a picture of a TEC-9, and the prosecutor's prejudicial summation remarks about the public safety risk from the

twenty-seven (27) rounds of ammunition in the magazine petitioner left in Stanton's dorm room. Pet. 7; Tr. 756:19–758:16.

When a petitioner has failed to raise a claim in state court and a state procedural rule precludes him from subsequently raising it, a federal court will not hear it pursuant to the doctrine of procedural default. *Coleman*, 501 U.S. at 731–32, 11 S. Ct. 2546 (1991). This procedural bar applies even if the state court addressed the merits of the claim in the alternative. *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990); *Angeles v. Greiner*, 267 F. Supp. 2d 410, 416 (E.D.N.Y. 2003). Where a New York court finds an issue unpreserved for appellate review under CPL 470.05[2], a federal court may not address it as part of a habeas corpus petition under the doctrine of procedural default. *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005).

Trial counsel advanced only a general objection to the admission of the TEC-9, Tr. 59:13–14, did not object to the prosecutor's remarks, and the Appellate Division found these issues unpreserved for review. *Tisone*, 85 A.D.3d at 1067, 925 N.Y.S.2d at 843. Consequently, these issues are procedurally defaulted. *See, e.g.*, *Green*, 414 F.3d at 294; *People v. Collins*, 996 N.Y.S.2d 365, 367 (2014), *leave to appeal denied*, 30 N.E.3d 170 (2015) (holding that under CPL 470.05[2], failure to object to prosecutor's remarks rendered issue unpreserved for appellate review).

### D. AR-15 Photograph.

Petitioner argues that the trial court "erroneously admitted testimony that a co-defendant possessed another gun, unrelated to this case, although the Court admitted that the evidence was prejudicial, and the co-defendant's possession of the gun was irrelevant." Pet. 7. Petitioner appears to refer to pictures of an AR-15 assault rifle that was recovered from his accomplice's

8

house, which were introduced into evidence over the objection of trial counsel that they were irrelevant and prejudicial. Tr. 347:15–350:14; Pet'r's App. Br. 42–43.

Generally, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990). "[E]videntiary rulings normally do not rise to a constitutional level so as to be redressable in a federal habeas corpus proceeding absent a showing that the challenged rulings infringed on one of a petitioner's specific constitutional rights." *Mitchell v. Smith*, 481 F. Supp. 22, 25 (E.D.N.Y. 1979) *aff'd*, 633 F.2d 1009 (2d Cir. 1980) (citing *Manning v. Rose*, 507 F.2d 889, 892 (6th Cir. 1974)); *Sims v. Stinson*, 101 F. Supp. 2d 187, 194 (S.D.N.Y. 2000) *aff'd*, 8 F. App'x 14 (2d Cir. 2001) ("[E]rroneous application of state evidentiary rules alone does not merit habeas relief.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475 (1991); *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998)). A habeas corpus petitioner may challenge the introduction of trial evidence only if it was so prejudicial that it deprived him of a fair trial by demonstrating that: (1) the evidence was not relevant; (2) the petitioner objected to its introduction contemporaneously; and (3) the evidence was "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *Dunnigan*, 137 F.3d at 124 (citations and internal quotations omitted).

The photographs of the AR-15 were arguably relevant to rebut petitioner's theory that the TEC-9 belonged to Stanton. *People v. Wood*, 591 N.E.2d 1178 (1992) (explaining that evidence is relevant if it tends "'to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be

offered,'" and is not offered solely to inflame the jury's emotions) (quoting *People v. Pobliner*, 298 N.E.2d 637 (1973)).

III.     CONCLUSION

For the foregoing reasons, Tisone's petition under 28 U.S.C. § 2254 is DENIED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Tisone, and to mark this case CLOSED.

**SO ORDERED**.

s/ Sandra J. Feuerstein\_\_\_\_\_
Sandra J. Feuerstein
United States District Judge

Dated: November 25, 2015
      Central Islip, New York